```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RUDI RIVAS,

                    Petitioner,
                                              ORDER
          -against-                           19-CV-5719(JS)

EARL BELL, Superintendent of Clinton
Correctional Facility,

                    Respondent.
----------------------------------X
APPEARANCES
For Plaintiff:     Rudi Rivas, pro se
                   94-A-7115
                   Clinton Correctional Facility
                   P.O. Box 2002
                   Dannemora, New York 12929

For Defendant:     No appearance.
```

SEYBERT, District Judge:

Before the Court is a Motion for Reconsideration and for the Appointment of Pro Bono Counsel by incarcerated pro se petitioner Rudi Rivas ("Petitioner"). (See Mot., D.E. 6.) Petitioner seeks reconsideration of this Court's October 25, 2019 Order transferring this case to the Court of Appeals for the Second Circuit as a successive Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See Order, D.E. 4.) For the reasons that follow, the Motion is DENIED.

BACKGROUND

On October 9, 2019, filed another Petition[1] seeking a

---

[1] See Rivas v. Walsh, 00-CV-2985 (2254 Petition dismissed and

writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to proceed in forma pauperis. (See Pet., D.E. 1; IFP Mot., D.E. 2.) Petitioner again challenged two state court judgments of conviction against him: (1) Indictment No. 217-94, a judgment of conviction was entered in the County Court, Suffolk County (Vaughn, J.) against Petitioner on September 23, 1994 upon a guilty plea to criminal sale of a controlled substance in the second degree, and sentencing him to eight (8) years to life; and (2) Indictment No. 2506-94, a judgment of conviction was entered in the same court against Petitioner on June 22, 1995 upon a jury verdict convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and sentencing him to twenty-five

---

leave to file successive Petition denied by the Second Circuit); Rivas v. Griffin, 14-CV-0632 (2254 Petition transferred to the Second Circuit as successive and leave to file successive Petition denied by the Second Circuit); Rivas v. Griffin, 14-CV-6828 (2254 Petition transferred to the Second Circuit as successive and Second Circuit denied leave to file and, by Mandate dated October 16, 2015, entered a leave-to-file sanction requiring that "the Clerk of th[at] Court refuse to accept for filing any further submissions from Petitioner pertaining to his 1994 and 1995 convictions unless he first obtains leave from a judge of th[at] Court to file such papers."); Rivas v. Lee, 15-CV-7011 (2241 Petition transferred to the Second Circuit as successive and Second Circuit dismissed Petition because it "does not represent a departure from Petitioner's "prior pattern of vexatious filings."); Rivas v. Lee, 18-CV-5190 (2241 Petition transferred to the Second Circuit as successive and Second Circuit dismissed it).

(25) years to life on each count, to run concurrently and consecutive to his earlier eight (8) year sentence.

By Order dated October 25, 2019, this Court granted Petitioner's application to proceed in forma pauperis and transferred the Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 because the Petition is successive within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (See Order.) On November 7, 2019, Petitioner filed a Motion for Reconsideration and for the Appointment of Pro Bono Counsel.

## DISCUSSION

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. March 14, 2007). Rule 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important matters or controlling decisions that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in its challenged decision. See United States v. Gross, 98-CR-0159, 2002

3

WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) (A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002). Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Rule 60(b) provides extraordinary judicial relief that may only be granted upon a showing of "exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

Here, as is readily apparent, Petitioner has not pointed to important matters or controlling decisions that the Court overlooked that would have influenced its prior decision. Nor has he pointed to mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud that would have altered this Court's transfer of the writ. Rather, Petitioner argues, in conclusory fashion, that "[t]his Court could have heard the [P]etition on the

4

merits, rather than transfer it to the Court of Appeals." (Mot. at 3.) Petitioner acknowledges that he "has filed multiple habeas petitions in the Court" yet mistakenly asserts that his many filings "should not prevent the Court from considering the merits of the instant [P]etition." (Mot. at 3.) Petitioner continues to raise the same, unavailing arguments in the reconsideration motion that have already been presented to and rejected by this Court. Accordingly, the Motion for Reconsideration is DENIED. Petitioner must move for authorization to pursue this successive Petition for habeas relief in the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2244(b)(3)(A).

Notwithstanding the fact that the United States Court of Appeals for the Second Circuit has already entered a leave-to-file sanction against Petitioner due to his "prior pattern of vexatious filings", in the interests of justice, the Clerk of the Court shall transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Torres v. Senkowski, 316 F.3d 147, 151-52 (citing Liriano v. United States, 95 F.3d 119, 121-23 (2d Cir. 1996) ("[W]e have held that a district court must transfer uncertified successive motions to th[e Second Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631 . . . ."); see also Rivas v. Lee, 15-CV-7011 Mandate, dated July 20, 2017, at

Docket Entry 18 ("[T]he district court properly transferred his district court filing to this Court as a successive 28 U.S.C. § 2254 [P]etition.")  This Order CLOSES this case.  If the Second Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen this docket number, 19-CV-5719(JS).  Further, the application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW if the Second Circuit authorizes Petitioner to proceed with this matter in this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT\_\_\_
Joanna Seybert, U.S.D.J.

Dated:   January  9 , 2020
         Central Islip, New York